JAMES I. MOORE *et al., v.* WILLIAM H. BALLARD.

The Act of 1872–'73, chap. 143, changing the dividing lines between the counties of Granville and Franklin, and thereby adding a portion of the territory of the former to the latter county, is not unconstitutional, and the carrying out of its provisions cannot be enjoined at the instance of a creditor on behalf of himself and the other creditors of the former county.

This was a MOTION made before his Honor, *Albertson, J.*, at the Spring Term, 1873, of GRANVILLE Superior Court, to dissolve an injunction which had been theretofore granted by Judge WATTS, upon the complaint of the plaintiff Moore in behalf of himself and the other creditors of the county of Granville against the defendant to prevent the defendant Ballard, from proceeding to act under the Act of 1872–'73, chap. 143, entitled, " an Act to change the dividing line between the counties of Franklin and Granville," whereby a part of the territory of the latter county was to be added to the former.   The motion to dissolve was granted, and the plaintiff appealed.

*Venable* and *B. F. Bullock, Jr.,* for the plaintiffs.
*J. J. Davis, Cooke* and *Spencer,* for the defendant.

Rodman, J.   This case was argued with that of the Commissioners of Granville against the same defendant.   The ground of objection to the Act of 1872–'73, insisted on in this case, is, that by the detaching of a part of the territory and population of Granville, the security of the plaintiff, who is a creditor of that county, will be impaired or altered.

This objection can only be derived from an idea that a creditor merely as such has some sort of a lien on the property of his debtor, so that he cannot honestly part with any of it under any circumstances as long as the debt is unpaid. The moment it is put in this shape the objection is seen to be untenable.   In the case of an individual debtor, he can sell his property, provided it be not done with a fraudulent intent, and even in that case, the conveyance is good as to him, though void as to his creditors.

In this case the suspicion of any such intent, even if otherwise it could be entertained, is rebutted by the provision in the Act, that Franklin as between it and Granville, shall assume a just part of the debt of Granville, while as to the creditor, Granville remains liable for the whole.   This objection is novel, although if it had force, it might often have been made before in similar cases.

Per Curiam.   The judgment of the Superior Court dissolving the injunction affirmed, and action dismissed.