## THE BOARD OF COMMISSIONERS of CRAVEN COUNTY v. THE BOARD OF COMMISSIONERS of PAMLICO COUNTY.

When in the Act establishing a new county, providing for the appoint-
ment of Commissioners to adjust the amount of the public debt owing
by the county from which the new one is formed between the two,
and assign to the new county its proper proportion of the stock, &c.,
owned by the old, *it is enacted*, "That should the Commissioners of
Craven (the old county) neglect or refuse to turn over to the Commis-
sioners of Pamlico (the new county) their portion of the stocks in, &c.,
within one year after the demand for such settlement has been made
by the Commissioners of Pamlico county, then the Commisioners of
said Pamlico county, and the citizens thereof, shall not be held bound
to Craven county, for any part of said debt contracted as subscrip-
tion, &c. ; and on the 3d of February, 1873, the Commissioners of
Pamlico demanded such settlement and transfer, which was not com-
plied with by Craven county until the 3d February, 1874: *Held*, that
the Act, containing the foregoing provisions did not intend to make
the precise time of the essence of the obligation, and that Craven
county therefore had a right to recover the amount ascertained and
agreed upon, and is entitled to a *mandamus*, if the same is not paid
within a reasonable time.

(The case of *Moore* v. *Ballard*, 69 N. C. Rep. 21, cited and approved.)

CIVIL ACTION, tried before *Seymour, J.*, at Spring Term,
1875, LENOIR Superior Court.

The action was commenced at Spring Term, 1874, of Pam-
lico Superior Court to recover the sum of thirty-five thousand
four hundred and nineteen dollars and thirty-three cents,
claimed to be due the plaintiffs by the defendants as the por
tion of the debt of the county of Craven, assessed to be paid
by the county of Pamlico, in pursuance of the provisions of
Chap. 182 Sec. 2 Laws of 1871-72, and also for a *mandamus*
to enforce the payment of the same.

Among other defences, the defendants insisted that the
plaintiffs had failed to settle within one year after the demand
(settlement, as provided in said act, and that according to the

provisions of the act aforesaid the defendants were discharged from all liability on that account.

Exceptions were taken to the rulings of his Honor upon this and other points not pertinent to the case as decided in this Court.

All other facts necessary to an understanding of the case will be found in the opinion of the Court.

Both the plaintiffs and the defendants appealed.

*R. F. Lehman*, for the plaintiffs.
*Smith & Strong*, contra.

RODMAN, J.    By the act, chapter 182, of the acts of 1871' 72, it was provided that a new county, to be called Pamlico, should be formed out of portions of Beaufort and Craven counties, provided that the voters of the territory, to form the new county, should approve the act and assume the obligation to pay the proportionate part of the new county in the debts of Beaufort and Craven counties. The voters of Beaufort rejected so much of the act as related to them. The voters of that part of Craven which was concerned, accepted it, and that part alone, is now embraced in the county of Pamlico. The name of Beaufort county may be henceforth omitted in the consideration of this case.

By chapter 182, section 11, of the acts of 1871–'72, it is required that the Commissioners of Pamlico and Craven should appoint commissioners to ascertain what part of the debt of Craven should be assumed by Pamlico ; the adjustment to be based on the amount of taxable property and polls in each county, according to the valuation and enumeration of 1860, when the debt was contracted. The act further provided, that should the commissioners of Craven neglect or refuse to turn over to the Commissioners of Pamlico their portion of stocks in the Atlantic & N. C. R. R. Co., or any other bonds or stocks held by the county of Craven, "*within one year after the demand for such settlement has been made by*

*the Commissioners of Pamlico county, then the Commissioners of said Pamlico county, and the citizens thereof, shall not be held bound to Craven county for any part of said debt contracted as subscription to the Atlantic & N. C. R. R."*

On February 3d, 1873, Pamlico county demanded a settlement from Craven county; commissioners were thereupon appointed by the two counties, who reported that Pamlico county should be bound for the fifteenth part of the debt of Craven, and should receive the same proportion of the stock held by Craven in the A. & N. C. R. R. Co. This report was accepted by Pamlico on April 19th, 1873, and by Craven on February 3d, 1874, on which day the Commissioners of Craven caused to be transferred on the books of the Company, two hundred shares of the stock aforesaid, to the county of Pamlico. This county, when afterwards informed of the transfer, refused to accept it, and contends that, by the terms of the act, it is discharged from liability for any portion of the debt of Craven, by reason of its failure to make the transfer within a year after the demand.

This is the only defence which goes to the merits of the whole case. There were some other questions relating to the amount and form of the judgment, which will be noticed in order.

I. We consider that it is unnecessary to decide the question, which was argued with much earnestness and learning, by the respective counsel, whether the year after the demand for a settlement expired at midnight on February 2d, or whether Craven still had the next day within which to accept of the report of the Commissioners, and to make the transfer of stock. We are of opinion that the act in question did not intend to make the precise time of the *essence* of the obligation. Divers causes may be imagined, which might protract a settlement, without any dilatory intent on either part, and no wilful delay is imputed to Craven in this case. Analogies may be found in the doctrines of Courts on contracts to convey land, and pay the price, within a certain time. In such cases, in *general,* time is

not of the essence of the contract, though it may be made so. In this case there is no reason why it should have been made so.

The error of the defendant consists in assuming that the act of the Legislature *created* the mutual rights and obligations of the parties instead of merely providing a convenient means for adjusting them equitably.

The law, as to the effect of a division of a county upon its indebtedness, cannot be said to be settled in the United States. Expressions may no doubt be found in decided cases which imply the proposition of the defendant; but in no case which I have seen have they been necessary to the decision; and with great respect for the courts to whose reports we refer, we think such expressions were inconsiderate, and that the learned judges did not give due attention to the equities of the parties which existed before any legislation, to the end of defining and adjusting them. When a county contracts a debt, the obligation must be that it will provide for its payment by taxes upon all taxable subjects within its jurisdiction, to the extent of its legal powers. When such debt is created with the consent of the State, that is to say, in conformity to law, there is an obligation implied on the part of the State that it will not materially and injuriously diminish the fund which is looked to at the time of the contract as the security for its payment. This principle may not apply, as between the creditors and the original or old county, *provided*, the subjects of taxation left in the old county, after the division, still constitute an ample fund from which the creditors may enforce payment without any greater inconvenience by reason of the division. *Moore* v. *Ballard*, 69 N. C., 21.

As between the taxpayers of the two counties, we know of no reason why the general principles of equity which govern the relations of joint or common debtors, as between themselves, should not apply, subject to such exceptions as the nature of the case may require. It is of course competent and proper for the Legislature to define these equities, and to provide for their settlement, and unless a Legislature should in

such definition and regulations clearly violate some principle of natural equity or justice, or impair the obligation of some contract, it would be the duty of the courts to aid and effectuate the intent of its legislation.

Nothing of that sort is alleged in this case. We are of opinion, however, that there were equities, amounting to an implied contract, between the two portions of the divided county which the Courts were competent to enforce without any aid from special legislation to that end. And if it were conceded, (as it is not, but the contrary is believed,) that the Legislature intended to discharge Pamlico, as between it and the remaining portion of Craven, from its obligation to pay a just proportion of the common debt in the event that Craven should fail to make a division of the common property by a certain day, such discharge would impair the obligation of the implied contract between the tax payers of the two present counties represented by their respective Commissioners, and would be void. Even if Craven had refused to assign to Pamlico its portion of stocks, its obligation to do so could have been enforced. In using the term "common property," we do not mean to include in it the court house, jail, &c., as all the cases hold that in the absence of a legislative provision, these belong to the county in which they are locally situate. The county of Craven is entitled to a judgment for the amount of the debt which it has paid since the division, according to its demand, subject to the set-off claimed, which is conceded to be just; and is also entitled to a *mandamus* to the Commissioners of Pamlico, requiring them to pay such sum out of any moneys in the county treasury not needed for other county purposes, and to pay the residue by a levy of taxes as soon as conveniently may be done.

II. Craven is also entitled to a judgment that Pamlico is liable to pay the holders of the bonds of Craven, issued for the benefit of the railroad, its proportion as ascertained by the report of the principal and interest thereof, accrued, due and payable since the last payment by Craven, on behalf of Pam-

lico, or to become payable hereafter; and in case payment of such dues shall not be duly made by Pamlico, then Craven will be at liberty to move from time to time in the Superior Court in which this action may be pending, for a *mandamus* requiring the Commissioners of Pamlico to pay their proportion of such interest and principal, or in due time, by a levy of taxes, to provide for the payment of the same.

It is unnecessary to go into further detail in this opinion. A judgment will be drawn in conformity with it, and the case is remanded to the Superior Court, to be further proceeded in in conformity to this judgment.

Let this opinion be certified.

PER CURIAM.                    Judgment accordingly.